```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 09-20918-Civ-SEITZ
                          MAGISTRATE JUDGE P.A. WHITE

WILLIE JAMES BISHOP,          :

     Petitioner,              :

v.                            :        REPORT OF
                                       MAGISTRATE JUDGE
WALTER A. McNEIL,             :

     Respondent.              :
_____
```

## Introduction

On April 2, 2009, while confined at the Dade Correctional Institution, at Florida City, Florida, the petitioner, Willie James Bishop, a convicted state felon, submitted to this Court a pro se pleading pursuant to 28 U.S.C. §2254 attacking the forfeiture of his gaintime following revocation of his control release. Although the petitioner has used a form provided by the Clerk for prisoners challenging a conviction pursuant to 28 U.S.C. §2254, he challenges the actions of the Parole Commission. Therefore this is in legal effect a petition pursuant to 28 U.S.C. §2241. See Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). The rules set forth in 28 U.S.C. §2254 therefore also governs this petition. See Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003); see also Thomas v. Crosby, 371 F.3d 782 (11th Cir. 2004).

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

1

The Court has for its consideration the petition (DE#1) with cumulative exhibit (DE#2), the response (DE#20) with multiple exhibits (DE#26) by the Department of Corrections to this Court's order to show cause.

In order to appreciate the procedural posture of the instant federal habeas corpus proceeding, and to appropriately dispose of the petition, the procedural history of this case must be reviewed in detail.

## Procedural History

The petitioner was initially received into the Department of Corrections ("DOC") on July 28, 1992, after having been sentenced in Pinellas County, Circuit Court, case no. 91-2967, to a term of 20 years in prison, less 517 days jail time credit. (DE#26:Ex.A-B).

On November 28, 2005, the petitioner reached his tentative release date,[1] and was released from the DOC by order of the Florida Parole Commission, to serve a term of conditional release supervision pursuant to Fla.Stat. §947.1405. (Id.). At the time of his release, his sentence consisted of the following credits:

```
0517 days jail credit
4877 days time served (7/22/92 to 11/28/05)
1906 days gaintime
```

(DE#26:Ex.A).

Pursuant to Fla.Stat. §947.1405, the petitioner was required to serve the 1906 days on conditional release supervision. However,

---

[1] A tentative release date is the maximum sentence expiration date less gaintime. See Fla.Stat. §924.275.

on September 6, 2006, the petitioner was returned to the DOC as a conditional release violator. The Parole Commission then revoked his conditional release on October 11, 2006, with an effective date of May 22, 2006. (DE#26:A-B). The Parole Commission further did not grant the petitioner credit for time spent on conditional release. (Id.).

As a result of the revocation and pursuant to Fla.Stat. §944.28(1), the 1906 days gaintime were forfeited and the petitioner was required to serve the 1906 days in prison. (DE#16:Ex.A). His current release date is calculated by taking the date of revocation, plus 1906 days, minus new gaintime earned since his return to prison.

On April 19, 2007, the petitioner filed a petition for writ of habeas corpus in the Second Judicial Circuit, in and for Leon County, Florida, case no. 2007CA1097, challenging the calculation of his release date following revocation of conditional release, claiming he was entitled to credit for time spent on supervision. (DE#26:Ex.D). The court dismissed a portion of the petition concerning forfeiture of gaintime, holding that the petitioner had failed to state a claim because he did not allege that the DOC lacked authority to detain him. The court also transferred to the Third Judicial Circuit in and for Taylor County, Florida, whereat the petitioner was confined, that portion of the petition claiming that the petitioner was entitled to immediate release. Thereafter, on October 22, 2007, the Third Judicial Circuit denied the habeas petition on the merits. (DE#26:Ex.E). The petitioner next sought review of the denial of his habeas petition by filing a petition for certiorari review with the First District Court of Appeal. (DE#26:Ex.F). On April 17, 2008, the appellate court denied certiorari review on the merits. (DE#26:Ex.F). The mandate issued

on May 13, 2008. (Id.).

Prior to resolution of his state habeas petition, the petitioner filed a petition for writ of mandamus with the Second Judicial Circuit, on August 21, 2007, claiming that the DOC unlawfully extended his sentence by not giving him sentence credit for time spent on supervision. (DE#26:Ex.G). The mandamus petition was denied on the merits on February 29, 2008. (Id.). Bishop then filed a petition for writ of certiorari seeking review of the order denying his mandamus petition. (DE#26:Ex.H). On January 8, 2009, the court denied the petition on the merits as to one issue, and as to other issues, denied the other claim on the ground that the petitioner had failed to raise the claim prior to the appeal. Bishop v. McNeil, 1 So.3d 1101 (Fla. 1st DCA 2009). The mandate issued on March 10, 2009. (Id.).

Less than one month later, the petitioner came to this court, filing the instant federal habeas petition.[2] Although at the time of the filing of this federal petition, the petitioner was in custody at the Dade Correctional Institution, review of the Florida Department of Corrections, Corrections Offender Network, Inmate Release Information Detail,[3] reveals that the petitioner was released from prison on May 11, 2010. Likewise, the DOC, Corrections Offender Network, Supervised Population Information Detail,[4] reveals that the petitioner's current address of record is the Salvation Army, 1400 4th Street S, St. Petersburg, Florida 33701. The petitioner, however, has failed to provide a change of

---

[2] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[3] See: www.dc.state.fl.us/InmateReleases.

[4] See www.dc.state.fl.us/ActiveOffenders/.

4

address with this court.

## Threshold Issues - Timeliness, Exhaustion and Procedural Bar

The respondent properly does not challenge this petition as untimely filed. See 28 U.S.C. §2244(d)(1)-(2). The Respondent also concedes that the claims raised herein have been exhausted before the state courts.[5] See 28 U.S.C. §2254(b),(c).

## Mootness

Before this Court can proceed to address the merits of the petitioner's claim and/or various procedural defenses, it must first be determined whether this Court has jurisdiction to do so. Title 28 U.S.C. §2241(c)(3) and §2254(a) gives the district courts jurisdiction to entertain petitions for habeas corpus relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is satisfied if a petitioner is incarcerated as a result of the conviction or sentence under attack at the time the petition is filed. Carafas v. LaVallee, 391 U.S. 234 (1968). Once

---

[5]An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270-275-77 (1971). In Florida, to exhaust challenges to the revocation of parole or, in this case, conditional release, a petitioner must first file a petition for writ of habeas corpus filed in the appropriate trial court and then an appeal from the order denying the petition for writ of habeas corpus. See Brown v. State, 738 So.2d 500, 502 (Fla. 5 DCA 1999)(holding that Florida appellate courts treat as petitions for writ of certiorari all appeals of denied petitions for writ of habeas corpus challenging Parole Commission's order revoking parole).

the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody while the petition is pending. Id. After the filing of the instant petition, the petitioner was released from incarceration to conditional release supervision. Although Petitioner is no longer confined pursuant to the instant judgment and sentence, the petitioner has satisfied the "in custody" requirement.[6]

Although the "in custody" requirement has been met, this Court nonetheless has no jurisdiction in this case. Article III of the United States Constitution only extends federal judicial power to cases or controversies. U.S. Const. art. III, §2, cl. 1. "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury ... likely to be redressed by a favorable judicial decision." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). When the injury for which an appellant seeks judicial redress is resolved or disappears prior to the appellate court's decision, there is no longer an Article III case or controversy. See Burke v. Barnes, 479 U.S. 361, 363, 107 S.Ct. 734, 93 L.Ed.2d 732 (1987); United States v. Meyers, 200 F.3d 715, 718 (10 Cir. 2000).

The petitioner here seeks an Order from this Court directing that the DOC recalculate his release date on the basis that his gaintime was unlawfully forfeited and that the DOC erroneously added the time he spent out of prison on control supervision to his term of imprisonment following revocation. It appears that the petitioner has received the relief he requested as he is no longer

---

[6]Moreover, the courts have held that in the context of habeas proceedings, the "in custody" requirement may also be met where a petitioner is on probation, parole or bail. Hensley v. Municipal Court, 411 U.S. 345, 349 (1973). See also Nash v. Purdy, 283 F.Supp. 837, 838-39 (S.D.Fla. 1968).

serving the incarcerative portion of his state sentence. Thus, release from state custody has rendered the instant habeas corpus proceeding moot. See, e.g., Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (habeas corpus challenge to parole revocation was mooted by release as there was no continuing controversy); Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (state prisoner's challenge to calculation of gain time credits was mooted by release; prisoner challenged length rather than fact of confinement, and the length of confinement would have no collateral consequences); e.g., United States ex rel. Graham v. United States Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984)(§2241 challenge to parole regulation mooted by release on parole as a favorable decision would not entitle petitioner to any additional relief); Vandenberg v. Rodgers, 801 F.2d 377, 378 (10th Cir. 1986)(habeas petition challenging determinations that delayed parole moot after petitioner released on parole).

Dismissal of the instant federal habeas corpus proceeding as moot is, therefore, appropriate based upon the petitioner's release from state confinement. As indicated, an action that no longer presents a justiciable case or controversy within the meaning of Article III is moot. Ashcroft v. Mattis, 431 U.S. 171, 172-73 (1977); Church of Scientology Flag Service Org. v. City of Clearwater, 777 F.2d 598, 604 (11 Cir. 1985), cert. denied, 476 U.S. 1116 (1986).  A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation. County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); Church of Scientology Flag Service Org., supra, at 604, n. 21.

## Discussion

Even if the case were not moot, after independent review of the entire record in this case, it does not appear that the petitioner would be entitled to relief on the merits. The claims therefore are addressed briefly in the alternative.[7]

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), signed into law on April 24, 1996, amended the statutes governing federal habeas relief for state prisoners. Because Hoot filed his petition after AEDPA's enactment, its provisions are applicable thereto. See Wilcox v. Florida Dep't of Corrs., 158 F.3d 1209, 1210 (11 Cir. 1998), cert. denied, 531 U.S. 840 (2000). Under AEDPA, the standard of review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11 Cir. 2002)." Stewart v. Sec. Dept. of Corrections, 476 F.3d 1193, 1208 (11 Cir. 2007). See also Parker v. Sec.Dept.of Corrections, 331 F.3d 764 (11 Cir. 2003). Pursuant to 28 U.S.C. §2254(d), habeas relief is available only in cases where the claims were adjudicated on the merits and the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in state court." Crowe v. Hall, 490 F.3d 840, 844 (11 Cir. 2007), *cert. denied*, __ U.S. __, 128 S.Ct. 2053 (April 21, 2008). See also Williams v. Taylor, 529

---

[7]For a more specific analysis, this Court adopts the well reasoned and extensive discussion on the merits provided by the respondent in this proceeding. See DE#20.

U.S. 362 (2000).

"[A] state court's decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions.... [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" <u>Mitchell v. Esparza</u>, 540 U.S. 12, 16 (2003)(*quoting* <u>Early v. Packer</u>, 537 U.S. 3, 7-8 (2002). Even where a state court denies an application for post-conviction relief without written opinion, that decision constitutes an "adjudication on the merits," and is thus entitled to the same deference as if the state court had entered written findings to support its decision. <u>See</u> <u>Wright v. Sec. of Dep't of Corr</u>., 278 F.3d 1245, 1255 (11 Cir. 2002). Moreover, findings of fact by the state court are presumed correct, and the petitioner bears the burden of rebutting that presumption of correctness by clear and convincing evidence. <u>See</u> 28 U.S.C. §2254(e)(1); <u>Crowe v. Hall</u>, 490 F.3d at 844.

<u>Due Process</u>

In his first claim, the petitioner asserts that his due process rights were violated by the Florida Parole Commission and the DOC, which purportedly extended his court imposed sentence by failing to credit him with 175 days he spent on conditional release supervision ("street time") prior to his revocation. According to the petitioner, the DOC extended his maximum sentence by adding the days he was out on supervision. He claims that if the 175 days is reinstated, then his maximum sentence would expire on February 16, 2011.

The denial of street time credit does not pose a due process

violation. See Hewitt v. Helms, 459 U.S. 460 (1983). Following revocation, "[n]o part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he or she shall be sentenced to serve." Fla. Stat. §948.06(3). This has been interpreted as establishing a general rule that credit cannot be given for time spent on probation or community control toward a period of incarceration imposed on revocation. See State v. Cregan, 908 So.2d 387, 389-391 (Fla. 2005)(collecting cases, holding that defendant who violated community control was not entitled to credit for time spent in a drug rehabilitation facility as a condition of community control); Gay v. Singletary, 700 So.2d 1220, 1222 (Fla. 1997)(time spent on control release supervision was not "functional equivalent" of time spent in prison); Chancey v. State, 614 So.2d 18, 19 (Fla. 4th DCA 1993)(community control was "a more coercive deprivation of liberty than probation," but was not "a functional equivalent of jail."). See also Thompson v. Cockrell, 263 F.3d 423, 426 (5th Cir. 2001) (since state law allowed parole board to disregard time spent on parole upon revocation, there was no liberty interest created by state law or the due process clause itself); Morrison v. Johnson, 106 F.3d 127, 129 and nn. 1 and 2 (5th Cir. 1999)(rejecting argument that petitioner was unlawfully denied credit for time spent on parole, noting that no court has found a constitutional violation with the practice of completing parole revocation proceedings after the expiration of the maximum term as long as the revocation warrant was issued prior to expiration). Consequently, no due process rights have been violated, and the petitioner is entitled to no relief on this claim.

## Double Jeopardy Violation

In his second claim, the petitioner asserts that he is

suffering a double jeopardy violation because the 175 days served on conditional release was time served on his sentence. This is in legal effect a mere reiteration of the arguments raised in relation to claim one above, and should be denied for the reasons expressed therein. This claim likewise fails on the merits. Both Florida and federal law provide that a releasee may be subjected to new or enhanced punishment without violating double jeopardy because it is the releasee's intervening misconduct which triggers the new sentence. See Duncan v. Moore, 754 So.2d 708, 711 (Fla. 2000)(citations omitted); Lashley v. State, 413 F.Supp. 850 (M.D. Fla. 1976)(statute giving Parole Commission discretion to credit or not credit to an inmate's sentence the time spent on parole, if parole is revoked, is inconvertibly constitutional and does not constitute double jeopardy).

### Separation of Powers

In this third claim, the petitioner also asserts that only courts have sentencing authority, and therefore, the DOC's alleged extension of his court imposed sentence by not giving him street time credit is unconstitutional, and violates the separation of powers doctrine. The law is clear that the "provisions of the federal constitution which delineate the powers of the three branches of the federal government have no application to the balance of powers in Florida's system of government, which is established in the state constitution." See Pacheco v. Dugger, 850 F.2d 1493 (11th Cir. 1988)(denying separation of powers claim); see also, Internat'l Brotherhood of Teamsters v. Hank, 339 U.S. 470 (1950)("The Fourteenth Amendment leaves the states free to distribute the powers of government as they will between their legislative and judicial branches."). Even if Florida's separation of powers doctrine is violated when DOC calculates a release date

11

without credit for street time, it is clearly only a matter of state law, and not cognizable on habeas review.

## Forfeiture of Gaintime

Finally, petitioner's claim that the forfeiture of accumulated or unearned gaintime was unlawful is not cognizable in this federal habeas corpus petition.[8] Even if it were, the claim is meritless. In Florida, regular gain time as well as other types of gain time, control release, provisional credits and administrative gain time are forfeitable upon control release revocation if the releasee's underlying criminal offenses were committed after the effective date of the control release gain time forfeiture provisions or the releasee waived *ex post facto* claims by accepting release on control release. See Fla.Stat. §§944.28(1), 947.141, Fla. Admin.Code Rule 33-601.104(1)(a)3. See also Wilson v. Moore, 782 So.2d 865 (Fla. 2001); Westberry v. Moore, 772 So.2d 1208 (Fla. 2000); Lewis v. Moore, 753 So.2d 1242 (Fla. 2000). Such is the case here. Based upon applicable Florida law, the penalty for revocation of conditional release is the return to prison and the forfeiture of all gaintime earned before release to conditional release. The

---

[8]As indicated herein, federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Moreover, a state's interpretation of its own rules or statutes does not raise a federal constitutional issue unless it rises to a level of denial of fundamental due process. Wainwright v. Goode, 464 U.S. 78 (1983), reh'g denied, 465 U.S. 78 (1984). See also Redman v. Dugger, 866 F.2d 387 (11 Cir. 1989); Machin v. Wainwright, 758 F.2d 1431, 1433 (11 Cir. 1985); Carrizales v. Wainwright, 699 F.2d 1053 (11 Cir. 1983). When a federal court considers whether habeas corpus is warranted, the decision is limited to whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. §2254; Rose v. Hodges, 423 U.S. 19, 21 (1975)(per curiam). Since Hoot is claiming that the trial court committed errors of state law regarding credits towards his sentence, such claim is not cognizable in this federal habeas corpus petition. Travis v. Lockhart, 925 F.2d 1095, 1097 (8 Cir. 1991)(the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction).

inmate must then finish serving his original sentence or sentences by the forfeiture of all the gaintime earned before release. See Dowdy v. Singletary, 704 So.2d 1052 (Fla. 1998)(holding that control and conditional releasee's sentences are not complete upon release; based upon legislative changes, revocation of conditional release is a circumstance for which gaintime is subject to forfeiture).

Contrary to the petitioner's assertion, gaintime was not forfeited from an expired sentence. The petitioner was released to conditional release on his criminal conviction, requiring him to serve supervision for an amount of time equal to the gaintime he earned on the sentence. See Duncan v. Moore, 754 So.2d 708 (Fla. 2000). When his supervision was revoked, the gaintime earned was lawfully forfeited pursuant to applicable Florida statutes. The petitioner's sentence had not expired because a conditional release eligible inmate is required to successfully complete his term of supervision before his sentences are deemed expired. See Dowdy, supra.

His related claim that upon revocation of conditional release, his "unearned" gaintime was unlawfully forfeited is also without merit. All gaintime the petitioner earned before his release was earned gaintime which, along with time served, was used to attain his release from confinement onto supervision. As stated, all such earned gaintime was subject to forfeiture following revocation. However, "unearned" gaintime, which refers to potential gaintime that an inmate might earn in the future if he behaves properly in prison, was not forfeited from his sentence. See Singletary v. Jones, 681 So.2d 836 (Fla. 1 DCA 1996)(stating that all gaintime is "earned" when applied).

<u>Conclusion</u>

It is therefore recommended that this petition for writ of habeas corpus be dismissed pursuant to <u>Fed.R.Civ.P.</u> 12(h)(3) for want of jurisdiction, as moot; and, alternatively be denied on the merits.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 21st day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Willie J. Bishop, <u>Pro Se</u>
     DC#226136
     Dade Correctional Institution
     19000 S.W. 377th Street
     Florida City, FL 33034-6499
     (address of record)

     Willie J. Bishop, <u>Pro Se</u>
     1400 4th Street S
     Salvation Army
     St. Petersburg, FL 33701
     (DOC Current Address)

     Sharon Wells, Ass't Gen'l Counsel
     Florida Department of Corrections
     2601 Blair Stone Road
     Tallahassee, FL 32399-2500